{¶ 19} I respectfully dissent from the majority opinion.
 {¶ 20} It does not appear liability was at issue in this case. What was at issue was the existence and proximate cause of any injuries Appellant sustained as a result of the accident. As such, Appellant's credibility as to her soft tissue injuries was crucial.
 {¶ 21} As noted by the majority, Appellant did deny during her deposition having a worker's compensation claim in the early 1990's, which denial Appellee facially rebutted by establishing Appellant did pursue a claim in 1991. However, when read in context, the discussion preceding this portion of Appellant's deposition concerned prior injury to her neck. Appellant's workers compensation claim in 1991, involved claims for injury to her leg and knee, not her neck. As such, it is arguable whether Appellant's deposition testimony was actually inconsistent with her admission at trial of having filed a worker's compensation claim in 1991, (for her leg and knee).
 {¶ 22} I find the mistaken evidence Appellant had filed a worker's compensation claim for an injury to her neck, which absolutely contradicted her deposition and trial testimony, destroyed any credibility she had in the eyes of the jury. This mistaken evidence was so prejudicial in this otherwise clear liability case to have likely changed the jury's verdict.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1